**UNITED STATES of America,**
**Appellee,**

v.

**Wayne BOUYEA, aka Sealed**
**Defendant # 1, Defendant–**

Appellant.**

No. 11–1593–cr.

United States Court of Appeals,
Second Circuit.

July 3, 2012.

Peter J. Tomao, Garden City, N.Y., for
Appellant.

Brenda K. Sannes, Lisa M. Fletcher,
Assistant United States Attorneys (of
counsel) (Richard S. Hartunian, United
States Attorney for the Northern District
of New York), Syracuse, N.Y., for Appel-
lee.

Present: CHESTER J. STRAUB and
ROSEMARY S. POOLER, Circuit Judges.
EDWARD R. KORMAN,* District Judge.

## SUMMARY ORDER

ON CONSIDERATION WHEREOF,
IT IS HEREBY ORDERED, AD-
JUDGED, AND DECREED that the
judgment of said District Court be and it
hereby is **AFFIRMED**.

Wayne Bouyea appeals from his sen-
tence in federal district court after plead-
ing guilty to making violent threats and to
possessing weapons as a convicted felon in
violation of federal law. We assume the
parties' familiarity with the underlying
facts, procedural history, and specification
of issues for review.

Bouyea argues that the district court
improperly departed upwards, pursuant to
Section 4A1.3 of the U.S. Sentencing
Guidelines, from the Guidelines' recom-
mended sentencing range. "We review
the district court's finding regarding the
adequacy of the calculated criminal history
for clear error and review the scope of the
sentencing court's departure [under Sec-
tion 4A1.3(a)(1) ] for reasonableness."
*United States v. White,* 552 F.3d 240, 252
(2d Cir.2009) (alteration in original) (inter-
nal quotation marks omitted). We do not
believe that the district court's upward
departure under Section 4A1.3 of the
Guidelines was improper. We note only
that this Court has made clear that certain
convictions that would otherwise be too old
to be considered in calculating a defen-
dant's criminal history category, *see*
U.S.S.G. § 4A1.1 cmt. n. 1, "may be the
basis for . . . a departure" under Section
4A1.3. *United States v. Reifler,* 446 F.3d
65, 112 (2d Cir.2006) (citing *United States
v. Delmarle,* 99 F.3d 80, 85 (2d Cir.1996)).

Bouyea also argues on appeal that the
district court's sentence was substantively
unreasonable. *See generally* 18 U.S.C.
§ 3553(a); *United States v. Cavera,* 550
F.3d 180, 190 (2d Cir.2008) (en banc). "In
reviewing the reasonableness of a sentence
outside the Guidelines range, appellate
courts may . . . take the degree of variance
into account and consider the extent of a
deviation from the Guidelines." *Gall v.
United States,* 552 U.S. 38, 47, 128 S.Ct.
586, 169 L.Ed.2d 445 (2007). Here, the
district court both departed upwards from
the recommended Guidelines sentence and
varied from the Guidelines framework as

---

*Fitzpatrick v. Bitzer,* 427 U.S. 445, 456, 96
S.Ct. 2666, 49 L.Ed.2d 614 (1976).

** The Clerk of the Court is directed to amend
the official caption of the case to conform to
the caption shown above.

* The Honorable Edward R. Korman of the
United States District Court for the Eastern
District of New York, sitting by designation.

well. *See generally United States v. Stewart,* 590 F.3d 93, 137 n. 32 (2009). We, however, are unable to conclude that the district court's sentence in this case was substantively unreasonable, in light of the need both to prevent Bouyea from being able to carry out his threatened acts of violence and also to protect the people he threatened.

Moreover, Bouyea's argument that the district court's explanation for the sentence was insufficient is without merit. *See generally* 18 U.S.C. § 3553(c); *Cavera,* 550 F.3d at 193 ("A district judge imposing a non-Guidelines sentence ... should say why she is doing so, bearing in mind, once again, that a major departure [from the Guidelines] should be supported by a more significant justification than a minor one." (alteration in original) (internal quotation marks omitted)). We note only that the district court stated, among other things, at the sentencing hearing: "Fortunately, this tragedy was prevented, and I am going to do my best to see that it is prevented in the future and that you are not given the opportunity to fulfill what you said you were doing." In addition, the district court explained to Bouyea: "You oldest daughter is in college, and I don't want her to be looking around the corner or looking up at some buildings where you may be hiding with a firearm to kill her."

Finally, Bouyea argues that the district court erred by failing to respond to Bouyea's specific challenges to allegations that were included in the presentence report. Federal Rule of Criminal Procedure 32 makes clear that "[a]t sentencing, the court ... must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentenc-

ing, or because the court will not consider the matter in sentencing." Fed.R.Crim. P.32(i)(3). While a "district court ... may [comply with Rule 32] by adopting the recommendations of the presentence report," *United States v. Ahders,* 622 F.3d 115, 119 (2d Cir.2010), in this context, we believe that the district court, in adopting the presentence report and the addendum, merely acknowledged that there were certain disputes outstanding but did not "rule on the dispute or determine that a ruling is unnecessary" in accordance with Federal Rule of Criminal Procedure 32(i)(3)(B).

Bouyea, however, failed to specifically object to the district court's failure to comply with Rule 32. We thus review the district court's failure to comply with Rule 32 for plain error, *see United States v. Wagner–Dano,* 679 F.3d 83, 94 (2d Cir. 2012), and conclude that the violation of Rule 32 in this case did not constitute plain error because Bouyea has not demonstrated that "the error affected ... [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings." *United States v. Marcus,* —— U.S. ——, ——, 130 S.Ct. 2159, 2164, 176 L.Ed.2d 1012 (2010) (internal quotation marks omitted); *see Wagner–Dano,* 679 F.3d at 94 ("[T]he burden of establishing entitlement to relief for plain error is on the defendant claiming it ...." (alteration and omission in original)) (quoting *United States v. Dominguez Benitez,* 542 U.S. 74, 82, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004)) (internal quotation marks omitted). Indeed, Bouyea himself acknowledges on appeal that "it is impossible to tell from the record to what extent [the disputed factual contentions in the presentence report] affected the sentence."

We have considered Bouyea's remaining arguments and find them to be without

merit. Accordingly, the judgment of the district court hereby is AFFIRMED.